IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GLEN FOLSOM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-22-201-D |
| ) | |
| POTTAWATOMIE COUNTY COURTS, ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |

**O R D E R**

This matter is before the Court for review of the Report and Recommendation issued by United States Magistrate Judge Gary M. Purcell pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Judge Purcell recommends the dismissal of this action without prejudice unless Plaintiff pays the full filing fee. Judge Purcell finds that Plaintiff is ineligible to proceed *in forma pauperis* under 28 U.S.C. § 1915 because he is subject to the "three strikes" provision of § 1915(g) and has not alleged any facts that would satisfy the imminent-danger exception to the provision.

Plaintiff has not filed a specific objection to the R&R but, instead, has filed an Application for Leave to Proceed In Forma Pauperis [Doc. No. 11], a Notice [Doc. No. 12] stating a belief that he has been denied access to the courts, and a *pro se* Motion [Doc. No. 13] "request[ing] a hold on this case" while he seeks relief from the court of appeals. Liberally construed, Plaintiff's most recent Motion could be read to address the issue of fee payment, and thus, the Court exercises its discretion to treat the filing as a timely

objection.[1]   The Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made" and "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge."   *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3).

Even under the most liberal construction, the Court finds in Plaintiff's objection no basis to disagree with Judge Purcell's findings and conclusions.   Both this Court and the court of appeals have previously found that Plaintiff is subject to the *in forma pauperis* restriction of § 1915(g).   *See Folsom v. Berry*, No. 22-6011, Order (10th Cir. Feb. 2, 2022) (finding 28 U.S.C. § 1915(g) applied and ordering Plaintiff to prepay the entire appellate filing fee); *Folsom v. Whitten*, Case No. CIV-21-783-D, Order (Okla. W.D. Nov. 30, 2021) (assessing third strike).   Plaintiff makes no specific factual allegations in his Complaint, or in other filings in the case record, that show he is "under imminent danger of serious physical injury."   *See* 28 U.S.C. § 1915(g).

**IT IS THEREFORE ORDERED** that the Report and Recommendation [Doc. No. 9] is **ADOPTED**.   Plaintiff shall pay the full filing fee of $402.00 for this action within 21 days from the date of this Order.   Failure to comply with the requirement to make full payment, or show cause in writing for nonpayment, by that date will result in the dismissal of this action without prejudice to refiling.   *See* LCvR3.4.

---

[1] Because Plaintiff appears *pro se*, the Court must liberally construe his pleadings and arguments, but cannot act as his advocate.   *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

**IT IS FURTHER ORDERED** that Plaintiff's pending motions for various forms of relief [Doc. Nos. 8, 11, and 13] are **DENIED**.

**IT IS SO ORDERED** this 29th day of April, 2022.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge